NMA:PT/AAS
F.#2014R00231

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

------------------------------ X

UNITED STATES OF AMERICA

v.

DARMIN BACHU,

         Defendant.

------------------------------ X

PROTECTIVE ORDER

Cr. No. 16-555(LDH)

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys and ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

1. All discovery material disclosed pursuant to Rule 16 of the Federal Rules of Criminal Procedure to the defendant DARMIN BACHU (the "defendant") and the undersigned defense counsel by the government in the above-captioned case ("defense counsel") and specifically identified by the government as material necessitating protection and therefore produced pursuant to this Protective Order (the "protected discovery material"), and any and all copies, notes, transcripts, documents and other information derived or

1

prepared from the protected discovery material, may be used by the defendant, defense counsel and defense staff (as that term is defined in paragraph 2) only for purposes of defending against the charges in the above-captioned case, including but not limited to preparation for trial and any sentencing, appeal or collateral attack involving the charges in the above-captioned case;[1]

    2. With the exceptions noted in paragraphs 3 and 4, any and all protected discovery material disclosed to the defendant and defense counsel by the government, and any copies, notes, transcripts and documents derived or prepared from the protected discovery material, shall not be further disclosed, disseminated or discussed by the defendant or defense counsel to, or with, any individuals (including without limitation co-defendants), organizations or other entities, other than to non-lawyer personnel employed by defense counsel and subject to defense counsel's supervision, including but not limited to private investigators, analysts and potential experts, provided such personnel have been

---

[1] The terms "defense counsel" and "defense staff" as used herein refer only to defense counsel and defense staff of the defendant LILAAHAR BICAL.

2

provided with a copy of this Protective Order and have signed Attachment A to this Protective Order ("defense staff"), without further order of the Court;

      3.    Defense counsel may disclose or discuss protected discovery material to or with a person, other than a co-defendant, being contacted or interviewed by defense counsel or defense staff as a potential witness provided that such potential witness has been provided with a copy of this Protective Order and has signed Attachment A to this Protective Order, without further order of the Court, upon obtaining the signature on Attachment A of the potential witness (and the potential witness's counsel, if protected material is disclosed to or discussed with such counsel), for retention in defense counsel's files. Defense counsel may disclose or discuss protected discovery material to or with a co-defendant pursuant to a joint defense agreement, if the co-defendant and his or her counsel have signed Attachment A to this Protective Order or a standalone order containing the identical protections. Before disclosing protected discovery material to a witness pursuant to this paragraph, defense counsel must redact information of the type identified in Rule

49.1(a) of the Federal Rules of Criminal Procedure. In no case, however, may defense counsel or defense staff provide a copy of any protected discovery material to anyone other than defense counsel or defense staff.

4. Any individual to whom disclosure is authorized pursuant to paragraphs 2 or 3 shall be provided a copy of this Protective Order by defense counsel and shall be advised by defense counsel that he or she may not further disclose or discuss any portion of the protected discovery material, or any copies, notes, transcripts or documents derived or prepared from the protected discovery material, except in conformity with this Protective Order;

5. In the event the defendant, defense counsel and/or defense staff wishes to disclose or discuss any portion of the protected discovery material or any copies, or notes, transcripts of documents derived or prepared from the protected discovery material to or with any individual to whom disclosure is not authorized by paragraphs 2 or 3, or for a purpose not contemplated by paragraphs 2 or 3, defense counsel must provide advance notice to the government and make application to the Court for authorization to make such

4

disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument as to the propriety of such disclosure;

6. None of the protected discovery material, and no copies, notes, transcripts or documents derived or prepared from the protected discovery material, shall be disclosed to, or discussed with, the media in any form. Nothing in this Protective Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial or other proceeding.

7. In the event the defendant, defense counsel and/or defense staff wishes to attach any portion of the protected discovery material to public filings made with the Court, defense counsel must provide advance notice to the government and make application to the Court for authorization to make such disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure;

8. Nothing in this Protective Order releases counsel for the government or defense counsel or defense staff

from their obligations to comply with the "Free Press-Fair Trial Directives" of Local Rule 23.1 of the Local Criminal Rules of the Eastern District of New York;

9. Nothing in this Protective Order shall preclude the government from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material;

10. If the defendant obtains additional or substitute counsel beyond those listed in the signature page hereto, the undersigned defense counsel will not transfer any portion of the protected discovery material or any copies, notes, transcripts, documents or other information derived or prepared from the protected discovery material, unless and until such additional or substitute counsel signs Attachment A of this Protective Order, and is provided a copy of the Protective Order;

11. The defendant and defense counsel will return to the government and/or destroy the protected discovery material and all copies thereof, whether in the possession of the defendant, defense counsel or defense staff, at the conclusion of trial if the defendant is acquitted on all counts, or, in the case of a conviction at trial or by guilty plea, upon

completion of sentencing, appeal or collateral attack on the conviction made by the defendant in this case, if any;

       12.  Any violation of this Protective Order, as determined by the Court, will require the immediate return to the Government of the protected discovery material and all

copies thereof, and may also result in a finding of contempt of Court.

Dated: Brooklyn, New York
, 2016

By:

ROBERT L. CAPERS
United States Attorney
Eastern District of New York

*/s/ Alexander A. Solomon*
Alexander A. Solomon
Paul Tuchmann
Assistant U.S. Attorneys

*/s/ Anthony Colleluori Esq.*
Anthony Colleluori
Raiser & Kenniff, PC
Attorney for DARMIN BACHU

SO ORDERED.

_____
THE HONORABLE LASHANN DEARCY HALL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK