# raiser&kenniff
## ATTORNEYS AT LAW

Steven M. Raiser, Esq.
Thomas A. Kenniff, Esq.
Anthony J. Colleluori, Esq.
James M. Ingoglia, Esq.
E. Gordon Haesloop, Esq.
Bruce R. Connolly, Esq.
John F. Campbell, III, Esq.
Ethan D. Irwin, Esq.
Valerie K. Mitchell, Esq.

87 Walker Street
New York, New York 10013
Tel. 212-274-0090 • Fax 888-688-1765

<u>Of Counsel</u>
Emily Shaw Record, Esq.
Laura A. Mintz, Esq.
Khadija A. Misuraca, Esq.

March 27, 2017

VIA EMAIL
AUSA Paul Tuchmann
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
PTuchmann@usa.doj.gov

   Re:  *Request for Bill of Particulars*
      *USA v Bical and Bachu*
      1:16-cr-555

Dear AUSA Tuchmann:

  As you are aware, this office represents the defendant, Darmin Bachu, in the above-captioned matter. In order to better understand the government's case against our client, and in accordance with FRCP Rule 7(f), kindly provide a Bill of Particulars in reference to the indictment filed in this case, as follows:

1. The specific law, statutes, regulations, or provisions that the government alleges were violated by the alleged conduct of the defendant, Darmin Bachu;

2. The exact date, time, and specific place on which each specific offense alleged by the government is alleged to have occurred;

3. The specific acts, conducts, methods or means by which the crime is alleged to have been committed;

4. With respect to Count One, the date and nature of each statement, document and/or event upon which the prosecution will rely to establish when each defendant joined the conspiracy. More specifically, on what date does the government alleges that defendant Darmin Bachu joined the conspiracy, and by what act or actions did defendant Darmin Bachu join the conspiracy;

Nassau Office
300 Old Country Road, Suite 351
Mineola, New York 11501
516-742-7600

www.raiserkenniff.com

Suffolk Office
80 Orville Drive, Suite 100
Bohemia, New York 11716
631-338-5711

5. With respect to Count One, the date and nature of the earliest statement and/or event upon which the prosecution will rely to establish when defendant Darmin Bachu joined the conspiracy;

6. What act does the government allege defendant Darmin Bachu took on the day identified in # 4 above to manifest the intent to join the conspiracy with the requisite intent to defraud General Motors Company LLC ("GM");

7. From the date the government alleges that defendant Darmin Bachu joined the conspiracy, until the last date of the conspiracy, what amount of funding does the government allege is attributable to Darmin Bachu;

8. Please provide any and all facts supporting the allegation that defendant Darmin Bachu directly provided the non-disclosure agreement that was allegedly given to a GM representative;

9. Please provide the name of the GM representative that was allegedly given the "fictitious" non-disclosure agreement;

10. Please provide any information to establish that Darmin Bachu created the alleged "fictitious non-disclosure agreement" as opposed to copying a blank boilerplate form;

11. Please provide the exact date and time when the alleged illegal material was originally provided, sent and received;

12. Please provide the exact name and location of the alleged illegal material (i.e. filename and file path). If the alleged illegal material is not in computer file form, please specify what form it is in;

13. State with particularity all acts that the government alleges defendant Darmin Bachu took in furtherance of the conspiracy;

14. State the names of all individuals alleged to be part of the alleged conspiracy who are not named in the Indictment;

15. Please provide all other facts relevant to defendant Darmin Bachu's involvement in the alleged conspiracy;

16. State with particularity any false and fraudulent pretenses, representation and promises that defendant Darmin Bachu allegedly made to GM;

17. State with particularity any false and fraudulent pretenses, representations, and promises that defendant Lalihar Bical made to GM;

18. Please identify the negotiation agreement instrument that allegedly established the terms of negotiation between defendant Bical and GM. More specifically, please state the date such agreement was entered into;

19. State whether the government intends to use any statements of defendant Bachu made at or about the time of his arrest, or thereafter, and the grounds for admissibility upon which the government will rely.

Defendant Bachu also requests that the government furnish for defendant Darmin Bachu defense the following materials:

1. A copy of the alleged fictitious non-disclosure agreement that was given to the GM representative;

2. Any information and documents on which the government intends to rely to establish that an obligation was created by operation of law, provision, or statute between defendant Bical and GM.

Thank you for your courtesy and cooperation. In the event you are unable to provide any of the information requested herein, please advise at the earliest time so that the defense can prepare any necessary motions.

Very truly yours,

Bruce R. Connolly